**Ibrahim KASAMA, Petitioner,**

v.

**Alberto R. GONZALES,[1] William Cleary, Bureau of Immigration and Customs Enforcement, United States Department of Homeland Security, Respondents.**

**No. 05–3091–ag.**

United States Court of Appeals, Second Circuit.

Jan. 19, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Terrance P. Flynn, United States Attorney for the Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondents.

PRESENT: ROSEMARY S. POOLER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Ibrahim Kasama, a native and citizen of Sierra Leone, seeks review of the September 5, 2003 order of the BIA affirming the January 18, 2002 decision of Immigration Judge ("IJ") Philip Montante, J., denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ibrahim Kasama*, No. A16 041 285 (B.I.A. Sept. 5, 2003), *aff'g* No. A16 041 285 (Immig. Ct. Buffalo Jan. 18, 2002). Kasama originally challenged the order of the BIA by filing a petition for a writ of habe-

as corpus with the Western District of New York on November 13, 2003, which was transferred to this Court as a petition for review pursuant to Section 106(c) of the REAL ID Act of 2005.[2] *Kasama v. Ashcroft,* No. 03–cv–853 (W.D.N.Y. June 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, this Court may review the entire IJ decision and need not confine its review to the grounds expressly addressed by the BIA. *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). This Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006).

■ Kasama challenges the IJ's and BIA's conclusion that he failed to demonstrate that the rebels targeted him because of his political opinion or religion. Our review of the record inclines us to disagree with the BIA in the light of the standards for evaluating such evidence subsequently clarified in *Islami v. Gonzales,* 412 F.3d 391 (2d Cir.2005).[3]

Asylum eligibility requires that the persecution need only be in part on account of the applicant's race, religion, nationality, political opinion, or particular social group. 8 U.S.C. § 1101(a)(42); *see Osorio v. INS,* 18 F.3d 1017, 1028–29 (2d Cir.1994). Forced conscription can constitute persecution if the applicant is subjected to a disproportionate punishment for failing to serve, on account of a protected ground. *See Islami,* 412 F.3d at 396. While mere resistance to the rebels' attempts to conscript him into their auxiliary labor force is not sufficient to meet the definition of political opinion, imputed or otherwise, found in *INS v. Elias–Zacarias,* 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), Kasama made additional arguments pertaining to the exceptions to this general rule that were not properly considered by the IJ. The IJ failed to discuss whether Kasama was subjected to disproportionate punishment for resisting conscription and made no finding that changed country conditions would obviate any fear of persecution. Kasama's claim for well-founded fear of persecution is based on the repercussions of his draft evasion, yet the IJ skipped over the analysis entirely.

■ While the only apparent motivation for the rebels' initial actions toward Kasama is their need for workers in their dia-

2. Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, 2005, Pub.L. No. 109–13, 199 Stat. 231, Div. B. (May 11, 2005).

3. Although the IJ expressed some serious concerns as to Kasama's credibility, the BIA did not address those concerns in its opinion. As the BIA's opinion suggests that the nexus element alone is dispositive, we will assume, but not determine, Kasama's credibility for purposes of our review. *Cf. Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir.2005).

mond mines, which does not implicate a protected ground under 8 U.S.C. §§ 1101(a)(42) and 1158(b), Kasama argues that the persecution he suffered subsequent to refusing this conscription was at least partially motivated by his political or religious beliefs [**Blue 17–18**]. He testified that "I tell [the rebels that] I'm a Christian, I'm a Christian. And my religion is against all that they are doing. So I'm not going with them.... Immediately [after] I said that, they begin to beat me mercilessly." [JA at 98].

Kasama "does not bear the unreasonable burden of establishing the exact motivation of a 'persecutor' where different reasons for actions are possible," *Matter of Fuentes*, 19 I & N Dec. 658, 662 (BIA 1988), he must only make some showing that the persecution he faced is at least *partly* based on one of the five enumerated grounds for asylum. *See In re S–P–*, 21 I & N Dec. 486, 491 (BIA 1996). Kasama has made such a showing. Consequently, the IJ erred in concluding that Kasama's claim for withholding under 8 U.S.C. § 1231(b)(3)(A) was fatally flawed.

■ Additionally, the IJ failed to engage in the analysis called for by *Islami* when an applicant "is fleeing to avoid punishment for refusing to join a military force condemned by the international community." *Islami*, 412 F.3d at 396 (internal quotation marks omitted). The IJ failed to consider whether the widespread condemnation of the Revolutionary United Front of Sierre Leone's human rights record could establish Kasama's eligibility for asylum, despite the ample evidence of the international community's condemnation entered into the record.

■ Further, this Court held that "for those individuals who seek to avoid serving in a military whose brutal and unlawful campaigns are directed at members of their own race, religion, nationality, or social or political group, the requirements for stating a persecution claim are met at a significantly lower threshold of military wrongdoing than would be required if the objections are simply a matter of conscience." *Id.* at 397. Where the record supports a claim based on one of these two exceptions, the IJ's failure to consider the claim constitutes error. *See id.* In this case, the IJ erred in failing to consider whether either exception applied, despite evidence the petitioner presented pertaining to both.

■ Vacatur is appropriate here because "the erroneous aspects of the IJ's reasoning are not tangential to the findings ... [and] the evidence supporting [those] findings is not so overwhelming" as to make remand futile. *Cao He Lin*, 428 F.3d at 406. The IJ's failure to address Kasama's claims that he was subjected to disproportionate punishment after resisting conscription in part due to his religious beliefs and that the Revolutionary United Front of Sierra Leone was "widely condemned by the international community as contrary to the basic rules of human conduct," *Islami*, 412 F.3d at 397 (internal citation and quotation marks omitted), was not tangential. Additionally, the evidence in the record does not so overwhelmingly support the IJ's decision that there is no realistic possibility of a different outcome.

For the foregoing reasons, the petition for review is GRANTED, and the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this opinion.